# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CUN KUI WEI** | * | **CIVIL ACTION NO. 05-2203** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by petitioner Cun Kui Wei ("Wei"). The Government opposes the petition. (Document No. 8). For reasons stated below, it is recommended that the petition be **GRANTED, and that Wei be released from federal detention under an order of supervision with conditions that are appropriate under the circumstances.**

## BACKGROUND

Wei, a citizen and native of The People's Republic of China, entered the United States at Los Angeles, California, on or about July 16, 1991, as a non-immigrant, with authorization to remain in the United States for a temporary period not to exceed October 15, 1992. Wei exceeded this authorization, and on December 21, 1998, the United States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and Naturalization Service, instituted removal proceedings pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). When Wei subsequently failed to appear before an immigration judge, he was ordered removed in *absentia* on August 31, 1999. On October 4, 2004, ICE took Wei into custody following the issuance of an Immigration Detainer.

Despite issuing travel document requests to the Chinese Consulate on December 30, 2004, February 7, 2005, and April 13, 2005, no documents have been issued and Wei continues

to remain in ICE custody. ICE reviewed Wei's custody in May 2005, but determined that he was a flight risk and thus not subject to release because of his earlier failure to appear at his removal hearing. Two months later, in July, Wei again had his custody reviewed, this time by ICE's Detention and Removal Headquarters. As with the first review, ICE denied Wei eligibility for release because of his status as a flight risk and, due to recent infractions during his detention, as a threat to the public. In its decision, ICE attributed the absence of travel documents to a delay Wei caused when, on February 7, 2005, he initially refused to complete an application for travel documents and finally did so on February 26, 2005.

Wei apparently has not been a model prisoner. On March 8, 2005, ICE placed him in administrative segregation for refusing to follow orders, destroying detention facility property, and interfering with the security and orderly operation of the facility.

Wei challenges his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that the presumptively reasonable six-month detention period has expired and that there is no significant likelihood of his removal in the reasonably foreseeable future.

The Government's response to Wei's petition also relies heavily on the Court's decision in *Zadvydas*; however, the Government, citing the rule that the expiration of the six-month presumptive detention period does not automatically require release, argues that Wei has failed to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Govt.'s Brief, p. 5 (quoting *Zadvydas*, 533 U.S. at 702).

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3),

2

is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

As the Government correctly notes, the mere expiration of the six-month detention period does not, by itself, warrant release.

> The habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.

*Id.* at 699-700. In adopting a sliding temporal scale for determining when continued detention is reasonable, the Supreme Court has stated that "as the period of prior post-removal [order] confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink." *Id.* at 701.

In this case, despite three attempts to obtain travel documents, Wei has been detained for over eighteen months, far in excess of the six-month presumptive period established in *Zadvydas*. None of ICE's efforts to obtain travel documents thus far have borne fruit, and there is no

indication, other than the Government's statement that a  "travel document package" has been forwarded to ICE headquarters, that any further efforts will yield a different result.  In fact, the last documented request for travel documents was made in April 2005, exactly one year ago.  Moreover, Wei has no criminal record, and does not appear to be a threat to the public, his infractions during detention notwithstanding.  This is not simply a case of a detainee requesting release as soon as the presumptive six-month detention period expires.  That period expired a long time ago.  Rather, Wei has been in ICE custody for a significant amount of time beyond the six-month period, and during that time ICE's repeated efforts to remove him have failed.  The facts demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future.

Therefore, it is recommended that Wei's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **GRANTED and that he be released from federal detention under an order of supervision with conditions that are appropriate under the circumstances.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of May, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE